IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| Paulette Hyneman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-cv-021 BSM |
| ) | |
| Arkansas Department of Correction; ) | |
| Officer King, Officer Kimberly Matthews ) | |
| and Officer Mark Wright, In Their ) | |
| Individual and Official Capacities as ) | |
| Correctional Officers for the Arkansas ) | |
| Department of Correction, ) | |
| | |
| Defendants. | |

### PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT

Plaintiff Paulette Hyneman ("Plaintiff"), by and through her attorneys, states as follows:

1. Plaintiff requests permission from the Court to file a second amended complaint.

2. Pursuant to Local Rule 5.5(e) the entire second amended complaint is attached hereto.

Respectfully submitted,

/s/ Eric Spencer Buchanan
Attorney for Paulette Hyneman

Eric Spencer Buchanan, ABN 94-151
The Buchanan Firm, P.A.
P.O. Box 166643
Little Rock, Arkansas 72216
Phone: (501) 376-7540
Facsimile: (501) 376-3552
Email: espencer@aristotle.net

### Certificate of Service

I certify that on March 3, 2014, I electronically filed this Motion to File a Second Amended Complaint with the Clerk of the by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Eric Spencer Buchanan
Eric Spencer Buchanan

United States District Court
Eastern District of Arkansas
Western Division

Paulette Hyneman                                                                 Plaintiff

v.            Case Number 4:13-cv-00021-BSM

Mark Wright                                                                       Defendants
in his Individual and Official Capacities as a correctional
officer for the Arkansas Department of Correction;

Shemiracle King
in her Individual and Official Capacities as a correctional
officer for the Arkansas Department of Correction;

Kimberly Matthews
in her Individual and Official Capacities as a correctional
officer for the Arkansas Department of Correction;

Londa Gatson
in her Individual and Official Capacities as a correctional
officer for the Arkansas Department of Correction;

Carl Stout
in his Individual and Official Capacities as a correctional
officer for the Arkansas Department of Correction;

Penny Tole Brown
in her Individual and Official Capacities as a correctional
officer for the Arkansas Department of Correction;

Carolyn Reed
in her Individual and Official Capacities as a correctional
officer for the Arkansas Department of Correction; and

The Arkansas Department of Correction.

## Second Amended Complaint
### Parties

1. The Plaintiff, Paulette Hyneman ("Ms. Hyneman"), is a resident of the State of Illinois. At all times relevant to this cause of action, she was an inmate in the Arkansas Department of Correction and was housed at the J. Aaron Hawkins, Sr. facility, which is located in Wrightsville, Arkansas.

2. On information and belief, Separate Defendant Mark Wright ("Mr. Wright") is a resident of the State of Arkansas. He was employed by the Arkansas Department of Correction at all times relevant to this cause of action. At all times relevant to this cause of action and acted under color of state law in that he misused power that he possessed by virtue of state law and made possible only because he was clothed with the authority of state law. *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)), *overruled on different grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 660-663, 690-702 (1978). Mr. Wright is being sued in his individual and official capacities.

3. On information and belief, Separate Defendant Shemiracle King ("Ms. King") is a resident of the State of Arkansas. She was employed by the Arkansas Department of Correction at all times relevant to this cause of action and acted under color of state law in that she misused power that she possessed by virtue of state law and made possible only because she was clothed with the authority of state law. *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)), *overruled on different grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 660-663, 690-702 (1978). Ms. King is being sued in her individual and official capacities.

4. On information and belief, Separate Defendant Kimberly Matthews ("Ms. Matthews") is a resident of the State of Arkansas. She was employed by the Arkansas Department of Correction at all times relevant to this cause of action and acted under color of state law in that she misused power that she possessed by virtue of state law and made possible only because she was clothed with the authority of state law. *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)), *overruled on different grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 660-663, 690-702 (1978). Ms. Matthews is being sued in her individual and official capacities.

5. On information and belief, Separate Defendant Londa Gatson ("Ms. Gatson") is a resident of the State of Arkansas. She was employed by the Arkansas Department of Correction at all times relevant to this cause of action and acted under color of state law in that she misused power that she possessed by virtue of state law and made possible only because she was clothed with the authority of state law. *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)), *overruled on different grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 660-663, 690-702 (1978). Ms. Matthews is being sued in her individual and official capacities.

6. On information and belief, Separate Defendant Carl Stout ("Mr. Stout") is a resident of the State of Arkansas. He was employed by the Arkansas Department of Correction at all times relevant to this cause of action and acted under color of state law in that he misused power that he possessed by virtue of state law and made possible only because he was clothed with the authority of state law. *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)), *overruled on different grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 660-663, 690-702 (1978). Mr. Wright is being sued in his individual and official capacities.

7. On information and belief, Separate Defendant Penny Tole Brown ("Ms. Brown") is a resident of the State of Arkansas. She was employed by the Arkansas Department of Correction at all times relevant to this cause of action and acted under color of state law in that she misused power that she possessed by virtue of state law and made possible only because she was clothed with the authority of state law. *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)), *overruled on different grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 660-663, 690-702 (1978). Ms. Matthews is being sued in her individual and official capacities.

8. On information and belief, Separate Defendant Carolyn Reed ("Ms. Reed") is a resident of the State of Arkansas. She was employed by the Arkansas Department of Correction at all times relevant to this cause of action and acted under color of state law in that she misused power that she possessed by virtue of state law and made possible only because she was clothed with the authority of state law. *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)), *overruled on different grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 660-663, 690-702 (1978). Ms. Matthews is being sued in her individual and official capacities.

9. The Arkansas Department of Correction is a state agency that operates prisons.

**Subject Matter Jurisdiction**

10. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331 and 1343(a) because it is a civil action arising under the Constitution and laws of the United States, specifically the Eighth Amendment to the Constitution of the United States of America, the Fourteenth Amendment to the Constitution of the United States of America, 42 U.S.C. § 1983, and 42 U.S.C. § 1985. Plaintiff's claims are authorized by 42 U.S.C. § 1997(a)-(e).

**Personal Jurisdiction**

11. This Court has personal jurisdiction over Mr. Wright because at all times relevant to his cause of action he had continuous and systematic contacts with the State of Arkansas that are sufficient to justify the State's exercise of judicial power with respect to any and all claims Ms. Hyneman may have against him. *Int'l Shoe Co. v. Washington*, 316 U.S. 310, 317 (1945) (citations omitted).

12. This Court has personal jurisdiction over Ms. King because at all times relevant to his cause of action she had continuous and systematic contacts with the State of Arkansas that are sufficient to justify the State's exercise of judicial power with respect to any and all claims Ms. Hyneman may have against her. *Int'l Shoe Co. v. Washington*, 316 U.S. 310, 317 (1945) (citations omitted).

13. This Court has personal jurisdiction over Ms. Matthews because at all times relevant to his cause of action she had continuous and systematic contacts with the State of Arkansas that are sufficient to justify the State's exercise of judicial power with respect to any and all claims Ms. Hyneman may have against her. *Int'l Shoe Co. v. Washington*, 316 U.S. 310, 317 (1945) (citations omitted).

14. This Court has personal jurisdiction over Ms. Gatson because at all times relevant to his cause of action she had continuous and systematic contacts with the State of Arkansas that are sufficient to justify the State's exercise of judicial power with respect to any and all claims Ms. Hyneman may have against her. *Int'l Shoe Co. v. Washington*, 316 U.S. 310, 317 (1945) (citations omitted).

15. This Court has personal jurisdiction over Mr. Stout because at all times relevant to his cause of action he had continuous and systematic contacts with the State of Arkansas that are sufficient to justify the State's exercise of judicial power with respect to any and all claims Ms. Hyneman may have against him. *Int'l Shoe Co. v. Washington*, 316 U.S. 310, 317 (1945) (citations omitted).

16. This Court has personal jurisdiction over Ms. Brown because at all times relevant to his cause of action she had continuous and systematic contacts with the State of Arkansas that are sufficient to justify the State's exercise of judicial power with respect to any and all claims Ms. Hyneman may have against her. *Int'l Shoe Co. v. Washington*, 316 U.S. 310, 317 (1945) (citations omitted).

17. This Court has personal jurisdiction over Ms. Reed because at all times relevant to his cause of action she had continuous and systematic contacts with the State of Arkansas that are sufficient to justify the State's exercise of judicial power with respect to any and all claims Ms. Hyneman may have against her. *Int'l Shoe Co. v. Washington*, 316 U.S. 310, 317 (1945) (citations omitted). Similarly, this Court has personal jurisdiction over Defendant Arkansas Department of Correction.

**Venue**

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Ms. Hyneman's claims against Mr. Wright occurred in the Eastern District of Arkansas.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Ms. Hyneman's claims against Ms. King occurred in the Eastern District of Arkansas.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Ms. Hyneman's claims against Ms. Matthews occurred in the Eastern District of Arkansas.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Ms. Hyneman's claims against Ms. Gatson occurred in the Eastern District of Arkansas.

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Ms. Hyneman's claims against Mr. Stout occurred in the Eastern District of Arkansas.

23. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Ms. Hyneman's claims against Ms. Brown occurred in the Eastern District of Arkansas.

24. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Ms. Hyneman's claims against Ms. Reed occurred in the Eastern District of Arkansas. Similarly, venue is proper with respect to Defendant Arkansas Department of Correction.

**Factual Basis for the Complaint**

25. From around December 21, 2004 to around July 28, 2011, Ms. Hyneman was an inmate in the Arkansas Department of Correction ("ADC"). From around February 2007 until around October 2010, Ms. Hyneman resided at the ADC's J. Aaron Hawkins, Sr. facility located in Wrightsville, Arkansas.

26. During the time Ms. Hyneman resided at the J. Aaron Hawkins, Sr. facility, Mr. Wright served as an officer at the facility.

27. During the time Ms. Hyneman resided at the J. Aaron Hawkins, Sr. facility, Ms. King served as an officer at the facility.

28. During the time Ms. Hyneman resided at the J. Aaron Hawkins, Sr. facility, Ms. Matthews served as an officer at the facility.

29. During the time Ms. Hyneman resided at the J. Aaron Hawkins, Sr. facility, Ms. Gatson served as an officer at the facility.

30. During the time Ms. Hyneman resided at the J. Aaron Hawkins, Sr. facility, Mr. Stout served as an officer at the facility.

31. During the time Ms. Hyneman resided at the J. Aaron Hawkins, Sr. facility, Ms. Brown served as an officer at the facility.

32. During the time Ms. Hyneman resided at the J. Aaron Hawkins, Sr. facility, Ms. Reed served as an officer at the facility.

33. During the autumn of 2009, Mr. Wright began making lewd and sexually harassing remarks and gestures toward Ms. Hyneman, which included propositioning her for sex and revealing his penis to her with a "request" that she touch it. He also fondled her against her will, kissed her against her will, and threatened to harm her if she told anyone about his conduct towards her.

34. Ms. Hyneman reported Mr. Wright's lewd conduct and sexual harassment to Ms. Gatson and requested that she put an end to it. Ms. Gatson did nothing in response to Ms. Hyneman's complaints.

35. Ms. Hyneman reported Mr. Wright's lewd conduct and sexual harassment to Ms. Matthews and requested that she put an end to it. At the time, Ms. Matthews was romantically involved with Mr. Wright. Ms. Matthews did nothing in response to Ms. Hyneman's complaints.

36. Ms. Hyneman reported Mr. Wright's lewd conduct and sexual harassment to the ADC's "hotline." After she did, Mr. Stout threatened to transfer her to another ADC facility if she ever used the hotline again. Mr. Wright did nothing in response to Ms. Hyneman's complaints.

37. Ms. Hyneman reported Mr. Wright's lewd conduct and sexual harassment to Ms. Brown and requested that she put an end to it. Ms. Brown actually witnessed Mr. Wright chase Ms. Hyneman in a hall in the J. Aaron Hawkins, Sr. facility in an attempt to force her to submit to his sexual advances. Ms. Brown also had actual knowledge of lewd, sexually charged, and harassing letters Mr. Wright wrote to Ms. Hyneman. Ms. Brown did nothing in response to Ms. Hyneman's complaints.

38. Ms. Hyneman reported Mr. Wright's lewd conduct and sexual harassment to Lieutenant Benish[1] and requested that he or she put an end to it. Lieutenant Benish did nothing in response to Ms. Hyneman's complaints.

39. Ms. Hyneman reported Mr. Wright's lewd conduct and sexual harassment to Ms. Reed and requested that she put an end to it. Ms. Reed did nothing in response to Ms. Hyneman's complaints.

40. Ms. Hyneman reported Mr. Wright's lewd conduct and sexual harassment to Ms. King and requested that she put an end to it. She also asked Ms. King to provide her access to counseling to help her cope with the effects of being targeted for sexual and physical abuse by Mr. Wright. Ms. King did nothing to stop Mr. Wright's sexual and physical abuse of Ms. Hyneman, and she rejected her request for counseling.

41. On January 17, 2010, Mr. Wright raped Ms. Hyneman. In February 2010, Mr. Wright told Ms. Hyneman not to tell anyone about the rape, and offered her money not to report it. Ms. Hyneman rejected Mr. Wright's offer, and reported the rape and the prior lewd conduct and sexual to the ADC and the Arkansas State Police.

---

[1] Lieutenant Benish's first name is unknown at this time, however Lieutenant Benish is female.

7

42. Subsequent to the rape, Ms. Matthews physically attacked Ms. Hyneman for reporting the rape committed by her [Ms. Matthews's] paramour, Mr. Wright. Ms. Matthews struck Ms. Hyneman in the head and pulled her hair in retaliation.

43. Ms. King expressed her displeasure with Ms. Hyneman's reporting the rape by kicking her bed and physically obstructing her movements around the J. Aaron Hawkins, Sr. facility. She also made verbal threats towards Ms. Hyneman. When Ms. Hyneman requested counseling following the rape, Ms. King rejected the request and threatened to transfer her to another facility and to harm her physically. At the time the rape occurred, Ms. King was pregnant with Mr. Wright's child.

44. On information and belief, Mr. Wright is being or has been prosecuted by the Prosecuting Attorney for Pulaski and Perry Counties for sexually assaulting Ms. Hyneman and other female inmates.

**42 U.S.C. § 1983 Eighth and Fourteenth Amendment Claims**

45. The Eighth Amendment to the Constitution of the United States of America prohibits government officials from inflicting cruel and unusual punishments on incarnated persons. *Farmer v. Brennan*, 511 U.S. 825, 832-834 (1994). This injunction is binding on the states through the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. *Robinson v. California*, 370 U.S. 660, 666-668 (1962).

46. The Eighth Amendment is violated when a prison guard uses force against a prisoner in a maliciously and sadistic fashion for the purpose of causing harm to that prisoner. *Hudson v. McMillian*, 503 U.S. 1, 7-9 (1992). The Amendment is likewise violated when a prison guard attempts to rape or actually rapes an inmate. *Schwenk v. Hartford*, 204 F.3d 1187, 1196-1197 (9th Cir. 2000).

47. Mr. Wright violated Ms. Hyneman's Eighth Amendment right to be free from cruel and unusual punishments by physically abusing her, sexually abusing her, and raping her. Her constitutional right not be physically abused, sexually abused, or raped was clearly established well before Mr. Wright physically abused her, sexually abused her, and raped her. *Schwenk v. Hartford*, 204 F.3d 1187, 1197-1198 (9th Cir. 2000).

48. As a result of being physically abused, sexually abused, and raped by Mr. Wright, Ms. Hyneman suffered physical, mental, and emotional injuries, including insomnia, depression, anxiety, emotional distress, and suicidal ideations.

49. The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care, and they must take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-833 (1994) (citations omitted). To that end, prison officials violate the Eighth Amendment if they show deliberate indifference to an inmate's health or safety. *Jackson v. Everett*, 140 F.3d 1149, 1151-1152 (8th Cir. 1998).

50. Before Mr. Wright raped her, Ms. Hyneman put Ms. Gatson on notice that he had subjected her to lewd conduct and sexual harassment. Ms. Gatson did nothing about this despite being put on notice. Ms. Gatson was deliberately indifferent to a known threat to Ms. Hyneman's health and safety, and this violated Ms. Hyneman's clearly established Eighth Amendment right not to have a known threat to her health or safety willfully ignored by prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832-833 (1994) (citations omitted).

51. As a result of Ms. Gatson ignoring Ms. Hyneman's request to she stop Mr. Wright from physically and sexually abusing her, Ms. Hyneman suffered physical, mental, and emotional injuries, including insomnia, depression, anxiety, emotional distress, and suicidal ideations.

52. Before Mr. Wright raped her, Ms. Hyneman put Ms. Matthews on notice that he had subjected her to lewd conduct and sexual harassment. Ms. Matthews did nothing about this despite being put on notice. Ms. Matthews was deliberately indifferent to a known threat to Ms. Hyneman's health and safety, and this violated Ms. Hyneman's clearly established Eighth Amendment right not to have a known threat to her health or safety willfully ignored by prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832-833 (1994) (citations omitted).

53. As a result of Ms. Matthews ignoring Ms. Hyneman's request that she stop Mr. Wright from physically and sexually abusing her, Ms. Hyneman suffered physical, mental, and emotional injuries, including insomnia, depression, anxiety, emotional distress, and suicidal ideations.

54. Ms. Matthews violated Ms. Hyneman's Eighth Amendment right to be free from cruel and unusual punishments by physically abusing her. Her constitutional right not be physically abused was clearly established well before Ms. Matthews physically abused her. *Hudson v. McMillian*, 503 U.S. 1, 7-9 (1992).

55. As a result of being physically attacked by Ms. Matthews, Ms. Hyneman suffered physical, mental, and emotional injuries, including insomnia, depression, anxiety, emotional distress, and suicidal ideations.

56. Before Mr. Wright raped her, Ms. Hyneman put Mr. Stout on notice that he had subjected her to lewd conduct and sexual harassment. Mr. Stout did nothing about this despite being put on notice. Mr. Stout was deliberately indifferent to a known threat to Ms. Hyneman's health and safety, and this violated Ms. Hyneman's clearly established Eighth Amendment right not to have a known threat to her health or safety willfully ignored by prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832-833 (1994) (citations omitted).

57. As a result of Mr. Stout's threats and his ignoring Ms. Hyneman's request that he stop Mr. Wright from physically and sexually abusing her, Ms. Hyneman suffered physical, mental, and emotional injuries, including insomnia, depression, anxiety, emotional distress, and suicidal ideations.

58. Before Mr. Wright raped her, Ms. Hyneman put Ms. Brown on notice that he had subjected her to lewd conduct and sexual harassment. Ms. Brown did nothing about this despite being put on notice. Ms. Brown was deliberately indifferent to a known threat to Ms. Hyneman's health and safety, and this violated Ms. Hyneman's clearly established Eighth Amendment right not to have a known threat to her health or safety willfully ignored by prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832-833 (1994) (citations omitted).

59. As a result of Ms. Brown ignoring Ms. Hyneman's request that she stop Mr. Wright from physically and sexually abusing her, Ms. Hyneman suffered physical, mental, and emotional injuries, including insomnia, depression, anxiety, emotional distress, and suicidal ideations.

60. Before Mr. Wright raped her, Ms. Hyneman put Ms. Reed on notice that he had subjected her to lewd conduct and sexual harassment. Ms. Reed did nothing about this despite being put on notice. Ms. Reed was deliberately indifferent to a known threat to Ms. Hyneman's health and safety, and this violated Ms. Hyneman's clearly established Eighth Amendment right not to have a known threat to her health or safety willfully ignored by prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832-833 (1994) (citations omitted).

61. As a result of Ms. Reed ignoring Ms. Hyneman's request that she stop Mr. Wright from physically and sexually abusing her, Ms. Hyneman suffered

physical, mental, and emotional injuries, including insomnia, depression, anxiety, emotional distress, and suicidal ideations.

62. Before Mr. Wright raped her, Ms. Hyneman put Ms. King on notice that he had subjected her to lewd conduct and sexual harassment. Ms. King did nothing about this despite being put on notice. Ms. King was deliberately indifferent to a known threat to Ms. Hyneman's health and safety, and this violated Ms. Hyneman's clearly established Eighth Amendment right not to have a known threat to her health or safety willfully ignored by prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832-833 (1994) (citations omitted).

63. As a result of Ms. King's threats, ignoring Ms. Hyneman's request that she stop Mr. Wright from physically and sexually abusing her, and ignoring her requests for counseling, Ms. Hyneman suffered physical, mental, and emotional injuries, including insomnia, depression, anxiety, emotional distress, and suicidal ideations.

64. Defendant Arkansas Department of Correction's acts and omissions regarding the acts of their officers inflicted substantial injuries to Ms. Hyneman, deprived Plaintiff of her right to bodily integrity and privacy without due process of law in violation of the Fourteenth Amendment and proximately caused damage to Plaintiff. These acts and omissions include the deliberate indifference to the unreasonable risk of sexual assault of Ms. Hyneman by allowing Mr. Wright to have access to Plaintiff; and the maintenance of or failure to remedy policies, customs and practices of disregarding or condoning other correctional officers who disregarded and/or failed to report, conduct and events indicating sexual misconduct. Defendants' actions and omissions caused Ms. Hyneman to endure substantial and unnecessary physical, mental, and emotional injury.

**42 U.S.C. § 1985 Claims**

65. State actors are prohibited from conspiring to interfere with a person's federally protected rights. 42 U.S.C. § 1985.

66. Before Mr. Wright raped her, Ms. Hyneman put Ms. King, Ms. Matthews, Ms. Gatson, Mr. Stout, Ms. Brown and Ms. Reed on notice that he had been physically and sexually abusive toward her. All of these persons ignored her requests to put an end to Mr. Wright's criminal and unconstitutional conduct, and not one of them did anything. In fact, Mr. Stout threatened to transfer her to another facility, and Ms. King threatened the same with physical violence.

11

67. Ms. King, Ms. Matthews, Ms. Gatson, Mr. Stout, Ms. Brown and Ms. Reed all acted in concert with Mr. Wright for the purpose of depriving Ms. Hyneman of her Eighth Amendment rights not to be physically abused, sexually abused, or raped. They also acted in concert to for the purpose of depriving Ms. Hyneman of her Eighth Amendment right to adequate medical care after Mr. Wright raped her.

68. As a result of Ms. King's, Ms. Matthews's, Ms. Gatson's, Mr. Stout's, Ms. Brown's and Ms. Reed's concerted effort to ignore her requests to put an end to Mr. Wright's physical and sexual abuse, Mr. Wright raped Ms. Hyneman, and their indifference to the known threat that he posed led to his raping her in the first place. Ms. King, Ms. Matthews, Ms. Gatson, Mr. Stout, Ms. Brown and Ms. Reed also acted in concert to deny Ms. Hyneman necessary medical care following the rape.

69. The concerted acts and omissions of Ms. King, Ms. Matthews, Ms. Gatson, Mr. Stout, Ms. Brown and Ms. Reed causes Ms. Hyneman physical, mental, and emotional injuries, including insomnia, depression, anxiety, emotional distress, and suicidal ideations.

### Requested Relief

70. Ms. Hyneman seeks a declaration from this Court that Mr. Wright, Ms. King, Ms. Matthews, Ms. Gatson, Mr. Stout, Ms. Brown and Ms. Reed violated her Eighth Amendment right not to be physically abused, sexually abused, or raped, and that the law establishing this right was clearly established before they violated it.

71. Ms. Hyneman seeks a declaration from this Court that Mr. Wright, Ms. King, Ms. Matthews, Ms. Gatson, Mr. Stout, Ms. Brown and Ms. Reed conspired to violate her Eighth Amendment right not to be physically abused, sexually abused, or raped, and that the law establishing this right was clearly established before they violated it.

72. Ms. Hyneman seeks a declaration from this Court that Mr. Wright, Ms. King, Ms. Matthews, Ms. Gatson, Mr. Stout, Ms. Brown and Ms. Reed conspired to violate her Eighth Amendment right to be adequate medical care both before and after Mr. Wright raped her, and that the law establishing this right was clearly established before they violated it.

73. Ms. Hyneman seeks compensatory damages jointly and severally against Mr. Wright, Ms. King, Ms. Matthews, Ms. Gatson, Mr. Stout, Ms. Brown and Ms. Reed for violating her Eighth Amendment rights. This amount will be proved at trial, but at a minimum it exceeds the minimum amount

necessary to establish diversity jurisdiction in a United States district court.

74. Ms. Hyneman seeks punitive damages against Mr. Wright, Ms. King, Ms. Matthews, Ms. Gatson, Mr. Stout, Ms. Brown and Ms. Reed because they acted recklessly, callously, and indifferently to her Eighth Amendment rights.

75. Ms. Hyneman seeks an order from this Court requiring Mr. Wright, Ms. King, Ms. Matthews, Ms. Gatson, Mr. Stout, Ms. Brown and Ms. Reed to pay the costs she incurred in prosecuting this cause of action.

76. Ms. Hyneman seeks an order from this Court requiring Mr. Wright, Ms. King, Ms. Matthews, Ms. Gatson, Mr. Stout, Ms. Brown and Ms. Reed to pay the attorneys' fees pursuant to 42 U.S.C. § 1988, she incurred in prosecuting this cause of action.

77. Injunctive relief to prevent the reoccurrence of the misconduct alleged in this second amended complaint.

78. Ms. Hyneman seeks an order from this Court granting her all legal and equitable relief that is appropriate under the circumstances of this case.

79. Ms. Hyneman hereby requests and demands trial by jury.

Respectfully submitted,

/s/ Eric Spencer Buchanan
Eric Spencer Buchanan, ABN 94-151
The Buchanan Law Firm, P.A.
P.O. Box 166643
Little Rock, Arkansas 72216-6643
Telephone (501) 376-7540
Facsimile (501) 376-3552
Email spencer@aristotle.net

## Certificate of Service

I certify that on March 3, 2014, I electronically filed this **Second Amended Complaint** with the Clerk of the by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Eric Spencer Buchanan
Eric Spencer Buchanan