**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**


**PAULETTE HYNEMAN**                                                        **PLAINTIFF**

**v.**                              **No.: 4:13-CV-021 BSM**

**SHEMIRACLE KING, et al.**                                        **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

---

ADC Defendants respectfully submit the following brief supporting its Motion for Partial Judgment on the Pleadings:

**I.      Introduction**

Plaintiff, Paulette Hyneman, initiated this cause of action on January 16, 2013, by filing a Complaint against the Arkansas Department of Correction ("ADC"), Shemiracle King and Kimberly Matthews.  (D.E. #1 and #5.)  Plaintiff sued the ADC, an Arkansas state agency, in this lawsuit. Plaintiff also sued ADC employees, Shemiracle King and Kimberly Matthews, in their individual and official capacities. Neither the State of Arkansas, nor the ADC and its employees, consents to this lawsuit. For the reasons stated herein, the Defendant Arkansas Department of Correction is entitled to judgment as a matter of law.   In addition, Defendants King and Matthews are entitled to judgment as a matter of law on the Plaintiff's official capacity claims against them.

**II.      Standard of Review**

A motion for judgment on the pleadings is reviewed under the same standard that governs motions to dismiss under Rule 12(b)(6) for failure to state a claim.  *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  In order to survive a motion to dismiss, a plaintiff

must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Recently, in *Ashcroft v. Iqbal*, No. 07–1015, 2009 WL 1361536 (U.S. May 18, 2009), the United States Supreme Court clarified the motion to dismiss standard and noted that in order to survive a motion to dismiss, a complaint must state specific facts, which, if assumed to be true, are sufficient to "state a claim to relief that is plausible on its face." *Id*. (citing *Twombly,* 550 U.S. at 570 (2007)).  It is not sufficient for a complaint merely to state legal conclusions or to recite the legal elements necessary for liability. It is not enough for a complaint merely to allege facts which might possibly, under some conceivable but unlikely, scenario establish the liability of the defendant.  In order for the case to go forward, the plaintiff must have alleged facts that make a plausible, not just a possible, case that the defendant violated the law. *Id.*

**III.    Argument**

In this lawsuit, the Plaintiff has sued the ADC, a state agency, and two ADC employees in their official and individual capacities. (D.E. #5,  ¶ 20-24.)  The Plaintiff acknowledges in the Complaint that the ADC is a state agency. (D.E. #5, ¶ 24.)  Because the ADC and its employees, acting in their official capacities, are not persons subject to suit under § 1983 and because the Constitutions of both the United States and the State of Arkansas grant the State, and its agencies, sovereign immunity from suit, Plaintiff's claims against ADC Defendants should be dismissed with prejudice.  It is well-settled that the state, its agencies, and state employees acting in their official capacities are not "persons" subject to suit under § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-66, 70 (1989); *Brown v. Mo. Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004).  The State and its employees

have not consented to this lawsuit.  Accordingly, the ADC and the ADC Defendants sued in their

official capacities are entitled to dismissal of the constitutional claims brought under § 1983.

**IV.    Conclusion**

For the reasons stated above, the Arkansas Department of Correction and all official

capacity claims against ADC Defendant King and Matthews should be dismissed from the

Complaint.

Respectfully submitted,

Dustin McDaniel
Attorney General

By:    /s/ Renae Ford Hudson
Arkansas Bar No. 95016
Assistant Attorney General
Attorneys for ADC Defendants
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682-2108
Facsimile:  (501) 682-2591
renae.hudson@arkansasag.gov

**CERTIFICATE OF SERVICE**

I, Renae Ford Hudson, Assistant Attorney General, do hereby certify that on March 7,
2014, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system
which will automatically send notice to any participants.

/s/ Renae Ford Hudson