IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| **PAULETTE HYNEMAN** | | **PLAINTIFF** |
| v. | No.: 4:13-CV-021 BSM | |
| **SHEMIRACLE KING, et al.** | | **DEFENDANTS** |

### RESPONSE IN OPPOSITION TO MOTION TO AMEND COMPLAINT

ADC Defendants respectfully submit the following Response to Plaintiff's Motion to Amend Complaint:

**I.     Introduction**

Plaintiff, Paulette Hyneman, initiated this cause of action on January 16, 2013, by filing a Complaint and an Amended Complaint against the Arkansas Department of Correction ("ADC"), Shemiracle King and Kimberly Matthews.  (D.E. #1 and #5.)  Plaintiff now seeks to file a Second Amended Complaint against the current defendants and multiple other correctional officers at the Arkansas Department of Corrections. For the reasons stated herein, the motion to file an amended complaint should be denied.

**II.    Arguments**

1.     Plaintiff seeks damages, injunctive and declaratory relief against a state agency, the Arkansas Department of Correction, which has sovereign immunity against the claims filed pursuant to 42 U.S.C. § 1983.  Neither states nor state officials acting in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).   Likewise, congress also has not abrogated state immunity by enacting 42

U.S. C. § 1985.  *Beach v. State of Minnesota*, 2003 WL 21488679,*3 (D. Minn. June 25, 2003) *aff'd,* No. 03-3017, 92 Fed. Appx. 386, 2004 WL 726582 (8th Cir. 2004.) Plaintiff also seeks to sue multiple ADC employees in their official capacities in the amended complaint.  Because the ADC and its employees, acting in their official capacities, are not persons subject to suit under § 1983 and because the Constitutions of both the United States and the State of Arkansas grant the State, and its agencies, sovereign immunity from suit, Plaintiff's claims against ADC and the ADC Defendants in their official capacities should be dismissed with prejudice.  Allowing the Plaintiff to add claims and parties that should be dismissed as a matter of law would be unduly burdensome and result in unnecessary discovery and litigation expenses which would be prejudicial to the defendants.

2. Notwithstanding the prejudice to the Defendants concerning discovery and arguments presented in their motion for partial judgment on the pleadings, Plaintiff should not be permitted to amend his complaint where any such amendment would be futile.

3. "Although leave to amend "shall be freely given when justice so requires," *see* Fed.R.Civ.P. 15(a), plaintiffs do not have an absolute or automatic right to amend. *Meehan v. United Consumers Club Franchising Corp.,* 312 F.3d 909, 913 (8th Cir. 2002) (citation omitted). Futility is a valid basis for denying leave to amend. *Moses.com,* 406 F.3d at 1065." *U.S. ex rel. Lee v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005).  It is not an abuse of discretion to deny permission to amend when the amendment would still result in a meritless claim.  *See Fairview*, *supra*.

4. Plaintiff's proposed amendment fails to state a claim for conspiracy against ADC Defendants as a matter of law.  When presented with this challenge, a court must consider the substantive law governing the subject of the proposed amendment. *See Brown v, Kerkhoff*, 504

F.Supp. 2d 464 (S.D. Iowa 2007). "An amendment to a pleading can be successfully challenged on ground of futility where the claims created by the amendment would be unable to withstand a motion to dismiss." *Id*. at 1489.

5. In the amended complaint, plaintiff failed to allege a claim against ADC Defendants upon which relief can be granted under 42 U.S.C. § 1985 and § 1983. Section 1985 requires an allegation of a conspiracy to deprive the plaintiff either directly or indirectly of his civil rights. *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). "[A]llegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985). To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include more than the summary allegations of a conspiracy. See, *Mershon v. Beasley*, 994 F.2d 449, 551 (8th Cir. 1993). Plaintiff's amended complaint merely states that she reported the incident to various ADC employees and "therefore" they must have conspired to violate her constitutional rights. Plaintiff has failed to adequately plead facts that would support a claim of conspiracy under either constitutional theory of the case pleaded in the complaint.

6. Plaintiff also seeks to add additional parties to the lawsuit after the statute of limitations has run. According to the Plaintiff' initial complaint her relationship with separate Defendant Mark Wright began in the Fall of 2009. (D.E. #1, ¶ 7.) According to the Plaintiff, on January 17, 2010 she was raped by Defendant Wright. (D.E. #1, ¶7.) Plaintiff filed her lawsuit against the ADC Defendants on January 16, 2013, the final day before the expiration of the statute of limitations. Now, in her Amended Complaint plaintiff seeks to add additional parties to this lawsuit outside the three (3) year statute of limitations for actions under 42 U.S.C. Section 1983. The limitation period for a section 1983 action is governed by the statute of limitations for

personal injury actions in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S. Ct. 1938, 1949 (1986). The period for personal injury actions in Arkansas is three years. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Plaintiff's injury occurred on January 17, 2010; yet, she now seeks to file a complaint against potential defendants Londa Gatson, Carl Stout, Penny Brown and Carolyn Reed a year and two months after the statute of limitations has expired. This belated action by the Plaintiff is not subject to any exception to Rule 15 of the Federal Rules of Civil Procedure and should be denied by the Court.

7. Plaintiff also seeks declaratory and injunctive relief from the ADC Defendants despite the fact that the Plaintiff is no longer in ADC custody, and the matters complained of in the complaint and amended complaint are unable to reoccur. "An inmate's release from prison while his claims are pending generally will moot any claim for injunctive relief relating to the prison's policies . . . the same is true for claims seeking declaratory judgment." *Alvarez v. Hill*, 667 F.3d 1061 (9th Cir. 2012) (citing *Rhodes v. Stewart*, 488 U.S. 1, 2-4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (per curiam)). Thus, Plaintiff should not be allowed to bring new claims seeking declaratory or injunctive relief against the ADC Defendants since she is no longer in the custody of the ADC.

8. Because the Plaintiff has already been allowed to amend her complaint once pursuant to Rule 15(a) of the FRCP, the ADC Defendants object to any further amendment which would add new parties and claims to this lawsuit as unduly prejudicial, unduly burdensome, futile and in violation of the statute of limitations.

## III. Conclusion

For the reasons stated herein, the ADC Defendant pray the Plaintiff's Motion to Amend be denied by the Court.

<div style="margin-left: 40%;">

Respectfully submitted,

Dustin McDaniel
Attorney General

</div>

By:   /s/ Renae Ford Hudson
Arkansas Bar No. 95016
Assistant Attorney General
Attorneys for ADC Defendants
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682-2108
Facsimile: (501) 682-2591
renae.hudson@arkansasag.gov

## CERTIFICATE OF SERVICE

I, Renae Ford Hudson, Assistant Attorney General, do hereby certify that on March 17, 2014, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will automatically send notice to any participants.

/s/ Renae Ford Hudson