UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DISTRICT

**PAULETTE HYNEMAN**                                                               **PLAINTIFF**

V.                             Case No. 4:13-CV-021 BSM

**ARKANSAS DEPARTMENT OF CORRECTION;
OFFICER SHEMIRACLE KING; OFFICER KIMBERLY
MATTHEWS; AND OFFICER MARK WRIGHT,
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**        **DEFENDANTS**

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION
TO AMEND COMPLAINT**

Plaintiff, Paulette Hyneman by and through her counsel, Eric Spencer Buchanan of The Buchanan Firm, P.A., respectfully submits the following Reply to Defendants' Response in Opposition to Motion to Amend Complaint.

## I. INTRODUCTION

Plaintiff Paulette Hyneman initiated this cause of action on January 16, 2013, by filing a Complaint against the Arkansas Department of Correction ("ADC"), Mark Wright, Shemiracle King, and Kimberly Matthews. On May 2, 2013, Plaintiff filed an Amended Complaint. On March 3, 2014, Plaintiff filed a Second Motion to Amend/Correct Complaint. Plaintiff seeks damages, injunctive and declaratory relief against the ADC, Mark Wright, Shemiracle King, Kimberly Matthews, Londa Gatson, Carl Stout, Penny Tole Brown, and Carolyn Reed.

## II. ARGUMENT

**1. Because Defendant ADC officers, Mark Wright, Shemiracle King, Kimberly Matthews, Londa Gatson, Carl Stout, Penny Tole Brown, and Carolyn Reed, who are state agency employees, failed to perform ministerial acts, ADC should not be protected by the bar of sovereign immunity.**

Plaintiff denies that the ADC is entitled to sovereign immunity. Plaintiff contends that the ADC is not protected by the bar of sovereign immunity because, in this case, "a state agency officer refuse[d] to do a purely ministerial action required by statute" which is a noted exception to the bar of sovereign immunity. Arkansas Dept. of Community Correction v. City of Pine Bluff, 2013 Ark. 36 (2013). "In determining whether the doctrine of sovereign immunity applies, the court should determine if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. If so, the suit is one against the State and is barred by the doctrine of sovereign immunity." LandsnPulaski, LLC v. Arkansas Dept. of Corrections, 269 S.W.3d 793, 795 (Ark. 2007).

Arkansas Courts have recognized only three (3) ways that a Plaintiff can circumvent the bar of state sovereign immunity. Sovereign immunity does not apply:

> (1) where the State is the moving party seeking specific relief; (2) where an act of the legislature has created a specific waiver of sovereign immunity; and (3) where the state agency is acting illegally or if a state agency officer refuses to do a purely ministerial action required by statute.

Arkansas Dept. of Community Correction v. City of Pine Bluff, 2013 Ark. 36 (2013).

In this case, the ADC officers refused to do a purely ministerial act that is required by the statute that establishes the role of Arkansas State Prisons, Ark. Code Ann. § 12-28-101 (West, Westlaw through end of 2013 Regular and First Ex. Sessions). "A ministerial act is one that is required to be performed in a prescribed manner, upon a given set of facts, in obedience to the mandate of legal authority, without regard to the official's own judgment."James ex rel. James v. Friend, 458 F.3d 726, 731 (8th Cir. 2006). The ministerial acts of an ADC officer include overseeing inmates, ensuring that inmates remain safe, and supervising inmate conduct.

The ADC defendants clearly refused to perform the basic ministerial acts that are innate to their job description. The role of state prisons is generally provided in Ark. Code Ann. § 12-28-101 (West, Westlaw through end of 2013 Regular and First Ex. Sessions). This statute provides that state prisons will provide "appropriate incarceration facilities" for inmates that are in their care. Id. The ADC did not provide an appropriate incarceration facility for Plaintiff. She was raped by an ADC officer, which was both physically and psychologically damaging. Furthermore, in an attempt to threaten the Plaintiff into not reporting the incident, the ADC Defendant officers abused and intimidated the Plaintiff through physical, mental, and verbal abuse. The ADC did nothing to protect the Plaintiff, even though the agency was aware that she was being sexually and physically abused by ADC officers. The ADC failed to perform the ministerial acts of keeping inmates safe and reporting illegal inmate or employee conduct and therefore should not be protected by sovereign immunity.

**2. ADC Officers, Mark Wright, Shemiracle King, Kimberly Matthews, Londa Gatson, Carl Stout, Penny Tole Brown, and Carolyn Reed are subject to suit in their official capacity.**

"[W]here the state agency is acting illegally or if a state agency officer refuses to do a purely ministerial action required by statute," then that state agency and actor are not protected by sovereign immunity. Arkansas Dept. of Community Correction v. City of Pine Bluff, 2013 Ark. 36 (2013). State law enforcement officers are required to maintain order in the prison environment. Furthermore, they are charged with ensuring the safety of those prisoners that are in their care. They maintain order and ensure safety by completing a series of ministerial acts. These actions include "maintaining security, observing behavior, overseeing work, and documenting records of inmates/residents in a correctional/residential facility." Job Details: ACC/DCC Correctional Officer 1, ARKANSAS STATE JOBS, https://www.ark.org/arstatejobs/ index.php?ac:show:show_job=1&jobid=66621&agencyid=101.

The ADC Defendants clearly refused to perform the basic ministerial acts that are innate to their job description. The role of state prisons is generally provided in Ark. Code Ann. § 12-28-101 (West, Westlaw through end of 2013 Regular and First Ex. Sessions). This statute provides that state prisons will provide "appropriate incarceration facilities" for inmates that are in their care. Id. The ADC Defendants intentionally refused to provide appropriate facilities for Plaintiff. After discovering that the Plaintiff had been raped by a fellow ADC officer, the ADC Defendants retaliated against her by being physically, mentally and verbally abusive. With knowledge of Defendant Wright's sexual advances, ADC Defendants took no prior actions to protect Plaintiff from rape by Wright, nor ensure that she did not meet further harm. Because the ADC officers failed to perform these ministerial acts, their actions fall within the above-mentioned "ministerial act" exception to the bar of sovereign immunity. Because the ADC Defendants are state agency employees who failed to perform ministerial acts that are required by the statute that gives the ADC authority, they are not shielded by the bar of sovereign immunity.

**3. Because ADC Officers, Mark Wright, Shemiracle King, Kimberly Matthews, Londa Gatson, Carl Stout, Penny Tole Brown, and Carolyn Reed, intentionally and maliciously subjected Plaintiff to physical, sexual, mental and verbal abuse, they are not entitled to sovereign immunity.**

The Arkansas Code addresses the degree to which state officers and employees are immune from suit.

> "Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, **other than malicious acts or omissions, occurring within the course and scope of their employment.**"

Ark. Code Ann. § 19-10-305(a) (West, Westlaw through end of 2013 Regular and First Ex. Sessions) (emphasis added).

Arkansas Courts have interpreted this provision to mean that "an officer or employee who acts maliciously or outside the scope of his employment is not protected by § 19–10–305(a)." Newton v. Etoch, 965 S.W.2d 96, 100 (Ark. 1998). "Arkansas law also provides . . . immunity from liability and from suit if the state-law claims are neither covered by liability insurance nor malicious." Van Horn v. Martin, 5:13-CV-74-DPM, 2013 WL 4516665 (E.D. Ark. 2013). Thus, when state agency officers act maliciously, they are not shielded by sovereign immunity. "In law malice is not necessarily personal hate. It is rather an intent and disposition to do a wrongful act greatly injurious to another." Satterfield v. Rebsamen Ford, Inc., 485 S.W.2d 192, 195 (1972).

All the ADC Defendants behaved maliciously towards the Plaintiff. Specifically, Officer Matthews physically battered the Plaintiff and Officer King intimidated the Plaintiff by threatening her life. The ADC Defendants engaged in this behavior for the sole purpose of intimidating and bringing harm to the Plaintiff. Furthermore, the ADC Defendants intentionally facilitated the rape and sexual abuse of the Plaintiff. They intentionally gave Officer Wright access to the Plaintiff for the sole purpose of subjecting her to sexual abuse. The ADC Officers' refusal to enforce the safety rules of the prison system are the direct cause of the harm that Plaintiff suffered. Because the ADC Defendants engaged in malicious conduct that occurred within the course of their employment, they are not entitled to sovereign immunity.

**4. Sovereign Immunity does not protect the ADC Officers, Mark Wright, Shemiracle King, Kimberly Matthews, Londa Gatson, Carl Stout, Penny Tole Brown, and Carolyn Reed personally, from suit.**

"A § 1983 suit is one brought pursuant to an act of Congress for a deprivation of civil rights against persons operating under color of state law. It establishes a federal cause of action to be enforced in either federal or state courts." Newton v. Etoch, 965 S.W.2d 96, 100 (Ark. 1998). "[I]t is the supreme law of the land, and any state claim of immunity must yield to it." Id. For this

reason, sovereign immunity does not automatically bar a suit against an individual on these grounds. Id. "On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985).

The Eighth Amendment demands that prison officials "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault." Williams v. Mueller, 13 F.3d 1214, 1216 (8th Cir. 1994). The Eight Circuit has stated that "[a]n Eighth Amendment violation is actionable under section 1983 if the plaintiff shows that the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates." Id. It stands to reason that if an Eighth Amendment violation is actionable when a guard recklessly disregards an inmate's right to be free from violence at the hand of other inmates, that a guard's reckless disregard of an attack by a fellow officer is actionable under the Eighth Amendment.

In this case, the ADC Defendants recklessly disregarded the well being of the Plaintiff. They allowed her to be raped by Officer Wright and then physically and verbally intimidated her to prevent her from further reporting the abuse. This was a direct violation of her constitutional rights. The ADC Defendants were acting as state officials when they maliciously and intentionally caused the Plaintiff's abuse. Because they directly caused the deprivation of a federal right, they are subject to personal liability on the Plaintiff's § 1983 action concerning cruel and unusual

punishment in violation of Plaintiff's Eighth and Fourteenth Amendment rights under the United States Constitution.

### 4. The Amended Complaint does not violate the statute of limitations for Arkansas because the amendment relates back to the date of the original pleading under Fed. R. of Civ. P. 15(c)(1).

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading "relates back" to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010).

Fed. R. of Civ. P. 15(c)(1) provides that;

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. of Civ. P. 15(c)(1).

The second amended complaint adds four new defendants to the claim: Londa Gatson, Carl Stout, Penny Tole Brown, and Carolyn Reed. In order for the complaint to relate back to the original filing date, three requirements as pertaining to these defendants must be met. First, the claim must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Id. Second, the summons and complaint must be served within

7

the period provided by Rule 4(m), which is usually 120 days from when the complaint is filed. Id. "Finally, the plaintiff must show that, within the Rule 4(m) period, the newly-named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Id. It is not necessary that the party actively knows about the suit; it is enough that they should have known about the suit. The Eighth Circuit has stated that in order for a party to add defendants that relate back to the original complaint, the proper parties "should have known that the suit would have been brought against it but for a mistake in identifying the proper party." Shea v. Esensten, 208 F.3d 712, 720 (8th Cir. 2000).

The second amended complaint satisfies the criteria provided in Fed. R. of Civ. P. 15(c)(1) which allows the second amended complaint to relate back to the original date of filing. The additional defendants did rise out of the same set of facts that generated the original complaint. The Plaintiff was violently sexually assaulted, while an inmate in the Arkansas Department of Correction. All four additional defendants had prior notice of Defendant Officer Wright's sexual advances towards Plaintiff and failed to prevent the rape. They did nothing to aid Plaintiff and ignored their duty, as officers, to promote her safety. The officers' negligence and disregard for the health and safety of the Plaintiff was a direct cause of the harm that she suffered. In addition, the summons and complaint were served on the original defendants within the 120 day window that is provided in Fed. R. of Civ. P. 4(m). Finally, the Plaintiff contends that these additional defendants knew or should have known that they would be sued for this injustice. All six of the correctional officers (including the four newly added defendants and the original two defendants) were aware of the risk of harm to Plaintiff's safety. Yet, none of them did anything to remedy the harm. In fact, the officers intimidated Plaintiff into remaining silent about the harm that she'd suffered. The original codefendants, Mark Wright, Shemiracle King,

and Kimberly Matthews, were coworkers of the newly added defendants. Because the newly added defendants were an integral part of the harm for which their coworkers are being sued, the newly named defendants knew or should have known that they would likely be sued as well. The Plaintiff was in an Arkansas state prison at the time of the rape. Because of the conditions of her confinement, Plaintiff was not in a position to gather personal information regarding every correctional officer that was responsible for safety and subsequent harm.

**5. The burden of litigation expenses is not unreasonable as it relates to Londa Gatson, Carl Stout, Penny Tole Brown, and Carolyn Reed.**

The burden of litigation expenses is not unreasonable as it relates to the newly named defendants. Londa Gatson, Carl Stout, Penny Tole Brown, and Carolyn Reed were all participants in the same injustice. Furthermore, they were involved with the previously named Defendants, Mark Wright, Shemiracle King, and Kimberly Matthews. Much of the discovery and legal planning that must take place for the newly named defendants is the same as that which would take place for the original three Defendants. As a result, it is incorrect to assert that adding these four defendants would be an unfair burden.

**6. Plaintiff stated a claim for conspiracy against ADC Defendants as a matter of law.**

The Plaintiff asserts that the ADC Defendants engaged in a conspiracy under sections 1983 and 1985 of the United States Code. Under 42 U.S.C. § 1985, state actors are prohibited from conspiring to interfere with a person's federally protected rights. In order to state a claim under 42 U.S.C. § 1985, the Plaintiff must state more than mere conclusory allegations. Stone v. City of Hot Springs, Ark., 6:05CV6025, 2006 WL 1310394 (W.D. Ark. 2006). "Mere allegations of conspiracy without stating sufficient facts about a mutual understanding or meeting of the mind do not state a claim under Section 1985." Cabal v. U.S. Dep't of Justice, 1992 WL 336447 (8th Cir. Nov. 18, 1992).

> To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff.

Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999).

The complaint, as amended, does sufficiently state facts that show a conspiracy. Mark Wright, Shemiracle King, Kimberly Matthews, Londa Gatson, Carl Stout, Penny Tole Brown, and Carolyn Reed all played different roles in a conspiracy to keep the Plaintiff from reporting that she was being sexually abused. As set forth the complaint, as amended, each officer took affirmative steps to ensure that the Plaintiff could not seek prior help for the abuse she suffered. Each officer took steps to ensure that Officer Wright (who committed the rape of Plaintiff) was protected and was not exposed for the crime he committed. The other six ADC officers played a roll in ensuring that the mutual goal of protecting Officer Wright was accomplished. In doing so, they directly violated the Plaintiff's right to be free of sexual abuse and the Eighth Amendment by subjecting her to cruel and unusual punishment.

**7. The Plaintiff's lack of incarcerated status fails to render her claim invalid.**

The fact that the Plaintiff is no longer in prison has no bearing on her ability to seek relief for the harms that she has suffered. The Ninth Circuit has stated that an inmate's release from prison moots any claim that he or she has for injunctive relief as it relates to prison policies. Alvarez v. Hill, 667 F.3d 1061 (9th Cir. 2012). The Plaintiff is not merely seeking to change prison policies. Neither, is she merely seeking injunctive relief; she is seeking damages from the ADC and the Defendant ADC officers in their official and individual capacities. The ADC and the Defendant ADC officers directly violated Plaintiff's constitutional rights. The fact that the harm is

unlikely to reoccur has no bearing on this claim. Therefore, this action is not altered by the fact that she is no longer incarcerated.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant her Motion to File a Second Amended Complaint.

Respectfully submitted,

/s/ Eric Spencer Buchanan
Attorney for Paulette Hyneman


Eric Spencer Buchanan, ABN 94-141
**The Buchanan Firm, P.A.**
P.O. Box 166643
Little Rock, Arkansas 72216
Phone: (501) 376-7540
Facsimile: (501) 376-3552
Email: espencer@aristotle.net

## **CERTIFICATE OF SERVICE**

I, Eric Spencer Buchanan, attorney for Plaintiff, Paulette Hyneman, hereby state on oath that I have electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notice to any participants on this 21st day of March, 2014.

/s/Eric Spencer Buchanan
Eric Spencer Buchanan