IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**PAULETTE HYNEMAN**                                                            **PLAINTIFF**

**v.**                            **CASE NO. 4:13CV00021 BSM**

**SHEMIRACLE KING, in her individual and official capacity**
**as a correctional officer for the**
**Arkansas Department of Correction et al.**                    **DEFENDANTS**

## ORDER

Defendants' motion for partial judgment on the pleadings [Doc. No. 33] is granted and

plaintiff Paulette Hyneman's claims against the Arkansas Department of Correction ("ADC")

and her official capacity claims against Officers Shemiracle King and Kimberly Matthews

for monetary damages are dismissed.

## I. BACKGROUND

Viewing the record in the light most favorable to Hyneman, the non-moving party, the

facts are as follows.  Hyneman was raped and sexually assaulted on numerous occasions by

defendant Officer Mark Wright while she was an inmate at the ADC.  After Hyneman

reported these events to ADC officials, defendants Officers Shemiracle King and Kimberly

Matthews began retaliating against her by physically attacking and threatening her.

Hyneman filed suit against the ADC and against King, Matthews and Wright, in their

official and individual capacities, alleging violations of the Eighth and Fourteenth

Amendments.  The ADC, King and Matthews now move for partial judgment on the

pleadings.

## II. STANDARD

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate when there are no material issues of fact to be resolved and the movant is entitled to judgment as a matter of law. *Faibisch v. University of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002). The same standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) governs a motion for judgment on the pleadings under Rule 12(c). *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim of relief plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In considering the motion for judgment on the pleadings, all facts pleaded by the non-moving party are accepted as true and all reasonable inferences from the pleadings are granted in favor of the non-moving party. *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004).

## III. DISCUSSION

Defendants' motion for judgment on the pleadings [Doc. No. 33] is granted and Hyneman's claims against the ADC, and for money damages against King and Matthews in their official capacities, are dismissed.

The Eleventh Amendment to the United States Constitution bars 42 U.S.C. section 1983 cases seeking money damages against state agencies and against state officials in their official capacities. *King v. Dingle*, 702 F.Supp.2d 1049, 1069 (D. Minn. 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The Eleventh Amendment, however,

does not bar section 1983 individual capacity claims against state officials, nor does it bar official capacity claims seeking prospective injunctive relief. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989); *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997). Therefore, Hyneman's claims against the ADC, and her official capacity claims against King and Matthews seeking money damages, are dismissed. Hyneman may, however, proceed on her individual capacity claims against King and Matthews and her official capacity claims against King and Matthews seeking prospective injunctive relief.

IT IS SO ORDERED this 15th day of May 2014.


UNITED STATES DISTRICT JUDGE