IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**PAULETTE HYNEMAN**                                                                  **PLAINTIFF**

v.                              **CASE NO. 4:13CV00021 BSM**

**SHEMIRACLE KING, in her individual and official capacity
as a correctional officer for the
Arkansas Department of Correction et al.**                          **DEFENDANTS**

**ORDER**

The motion for summary judgment of defendants Shemiracle King and Kimberly Matthews ("defendants") [Doc. No. 57] is granted.

I. FACTUAL BACKGROUND

Viewing the record in the light most favorable to plaintiff Paulette Hyneman, the non-moving party, the facts are as follows. Beginning in 2007, Hyneman was incarcerated at the Hawkins Unit of the Arkansas Department of Correction ("ADC") under the supervision of officers Shemiracle King, Kimberly Matthews, and Mark Wright. In the fall of 2009, Hyneman reported to ADC officials that she was being severely harassed by Wright, who made sexually explicit comments to her, showed her his penis, and inappropriately touched her. In January 2010, Wright ordered Hyneman into a utility closet, where he raped her. In August 2010, Hyneman filed a grievance reporting the rape. She was subsequently moved to a different division of the Hawkins Unit and has had no further contact with Wright.

After Hyneman reported the rape, King, a female officer who worked the night shift, kicked Hyneman's bed on a number of occasions while she was sleeping and woke her up.

King would also stand in front of Hyneman as Hyneman attempted to walk through the prison. King would not speak to Hyneman on these occasions but would force her to wait until King let her pass.

On October 4, 2010, Matthews hit Hyneman on the right side of the head while Hyneman was working in the commissary. On October 13, 2010, Hyneman filed a grievance about the incident, stating that she believed Matthews was playing, but that she felt violated and upset because the incident could have resulted in a serious altercation. That same day, Matthews was counseled by a superior officer to avoid horseplay with inmates and to remain professional at all times. On October 15, 2010, Hyneman submitted an addendum to her grievance indicating that she did not suffer any pain from the incident and did not believe that Matthews meant to harm her. That same month, Hyneman was transferred out of the Hawkins Unit.

Hyneman filed this action *pro se* against the ADC and against King, Matthews and Wright, in their official and individual capacities. On May 2, 2013, through counsel, Hyneman filed her amended complaint, alleging violations of the Eighth and Fourteenth Amendments. On May 15, 2014, Hyneman's claims against the ADC and her official capacity claims for damages were dismissed. *See* Doc. No. 55. King and Matthews now move for summary judgment on the individual capacity claims against them and on Hyneman's claim for injunctive relief against them in their official capacities. Defendants' motion for summary judgment is granted.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Se*e Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Id.* Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). Additionally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Although defendants address First Amendment retaliation claims, it is unnecessary to address those arguments because Hyneman's amended complaint alleges only Eighth and Fourteenth Amendment claims. *See* Plaintiff's Amended Complaint [Doc. No. 5]. Similarly, although Hyneman appears to assert, in her response to defendants' motion for summary judgment, that King and Matthews failed to protect her from Wright, this claim is not set forth in her amended complaint and will not be addressed.

A.     Eighth Amendment Claims

Defendants' motion for summary judgment is granted on Hyneman's Eighth Amendment claims against King and Matthews.

Hyneman alleges that her Eighth Amendment rights were violated by defendants' physical assaults and their use of emotional intimidation against her. Defendants seek qualified immunity, which protects them from liability for monetary damages unless Hyneman can show that they violated a constitutional right that was clearly established at the time of the violation. *Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2080 (2011). Only the "unnecessary and wanton infliction of pain" on a prison inmate constitutes cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Therefore, to show a violation of the Eighth Amendment's ban on cruel and unusual punishment, Hyneman must show that: 1) the deprivation she suffered was sufficiently serious, when viewed objectively; and 2) when viewed subjectively, each defendant had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective inquiry differs depending on whether the plaintiff's claim is one based on excessive force or based on prison conditions. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008).

*1. Excessive Force*

Defendants' motion for summary judgment is granted on Hyneman's excessive force claims. Summary judgment is granted on Hyneman's claim against King because King did not use excessive force against Hyneman. Indeed, Hyneman has offered no proof that King

did so. Summary judgment is granted on Hyneman's excessive force claim against Matthews because, although Matthews struck Hyneman, this singular use of force, when viewed objectively, is not sufficiently serious to rise to the level of "cruel and unusual punishment." This is particularly true because Hyneman reported that she was unharmed and that she thought that Matthews was playing. *See Id.*, (noting that while force that is "repugnant to the conscience of mankind" might violate the Constitution, not every push or shove violates the Eighth Amendment).

Even if Matthews' actions were sufficiently serious, Hyneman cannot show that Matthews had a sufficiently culpable state of mind. This subjective inquiry turns on whether the force was used maliciously and sadistically for the very purpose of causing harm. *Id*. There is nothing in the record indicating that Matthews intended to cause harm to Hyneman or that she acted maliciously or sadistically.

*2. Prison Conditions*

Summary judgment is also appropriate on Hyneman's claim that defendants violated the Eighth Amendment by using physical and emotional intimidation against her. When conditions of confinement are challenged, the deliberate indifference standard applies, which requires Hyneman to demonstrate that the conditions were objectively sufficiently serious or caused an objectively serious injury to her; and 2) that defendants were deliberately indifferent to or acted with reckless disregard to her constitutional rights, health or safety. *Berryhill v. Schiro*, 137 F.3d 1073, 1076 (8th Cir. 1998).

The only acts of intimidation alleged are that, on a number of occasions, King kicked Hyneman's bed, and on a number of other occasions, she blocked Hyneman's pathway. Although King's actions may be deplorable, they are not sufficiently serious, when viewed objectively, to constitute a violation of the Eighth Amendment. This is true because nothing in the record indicates that either Matthews or King ever threatened Hyneman. Moreover, Hyneman never reported King's actions or indicated to anyone in authority that these actions were taking place. *Cf. Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (holding that retaliatory death threats, coupled with an objectively credible basis and a fear-inducing result, are sufficiently serious to implicate the Eighth Amendment). As the Eighth Circuit held in *Berryhill*, Hyneman's allegations are a "far cry from the allegations in other cases which have ultimately withstood summary judgment." *Id*., 137 F.3d at 1077 (collecting cases).

Because Hyneman has not shown that either King or Matthews violated her Eighth Amendment rights, they are entitled to qualified immunity and summary judgment is appropriate.

B.      Fourteenth Amendment Claims

Defendants' motion for summary judgment is also granted on Hyneman's Fourteenth Amendment claims. Although the Supreme Court has recognized a due process right to bodily integrity, Hyneman has alleged no violation that cannot be addressed under the Eighth Amendment. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (noting that where a claim is covered by a specific constitutional provision, such as the Eighth Amendment, it

must be analyzed under the standard appropriate to that provision and not under the rubric of substantive due process). Because Hyneman's claims have already been analyzed under the Eighth Amendment, summary judgment is granted on her Fourteenth Amendment claims against King and Matthews.

C.    Claims for Injunctive Relief

Summary judgment is also granted on Hyneman's claim for injunctive relief against King and Matthews in their official capacities. An inmate's request for injunctive relief is moot when she is no longer incarcerated, unless there is a reasonable expectation that the same inmate will be subjected to the same actions again. *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999). Hyneman has been released from ADC custody, rendering her request for injunctive relief moot. Although she cites to Arkansas's recidivism rate to show that she is likely to be incarcerated again, this is insufficient to warrant an exception to the mootness doctrine.

IV. CONCLUSION

For these reasons, the motion for summary judgment by King and Matthews [Doc. No. 57] is granted and Hyneman's claims against them are dismissed.

IT IS SO ORDERED this 11th day of August 2014.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE