4:13cv21

COURT'S INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions because all instructions, whenever given and whether in writing or not, must be followed.

U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
FILED
SEP 29 2014
JAMES W. McCORMACK, CLERK
BY: _____
    DEPUTY CLERK
IN OPEN COURT

## COURT'S INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

COURT'S INSTRUCTION NO. 3

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated—that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence.

Certain things are not evidence. I will list those things again for you now:

1.     Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.     Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.     Anything you saw or heard about this case outside the courtroom is not evidence.

## COURT'S INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

COURT'S INSTRUCTION NO. 5

A fact in dispute may be proved by direct evidence as well as by circumstantial evidence. A fact is established by direct evidence when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced. A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case.

COURT'S INSTRUCTION NO. 6

A party who has the burden of proof on a proposition must establish it by a preponderance of the evidence, unless the proposition is so established by other proof in the case.

"Preponderance of the evidence" means the greater weight of evidence. The greater weight of evidence is not necessarily established by the greater number of witnesses testifying to any fact or state of facts. It is the evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. If, upon any issue, the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve that question against the party who has the burden of proving it.

## COURT'S INSTRUCTION NO. 7

Under the Eight Amendment to the United States Constitution, every person convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment.

## COURT'S INSTRUCTION NO. 8

Your verdict must be for plaintiff Paulette Hyneman and against defendant Mark Wright if all the following elements have been proved.

*First*, that Wright sexually assaulted or raped Hyneman; and

*Second*, that Wright was acting under color of state law when he committed the act.

If any of the above elements has not been proved, your verdict must be for Wright.

## COURT'S INSTRUCTION NO. 9

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county or municipal law, ordinance or regulation.

## COURT'S INSTRUCTION NO. 10

You have heard evidence that plaintiff has been convicted of various crimes. You may use that evidence only to help you decide whether to believe plaintiff and how much weight to give her testimony.

COURT'S INSTRUCTION NO. 11

If you find in favor of plaintiff, you must award plaintiff an amount of money that will fairly compensate her for any damages you find she sustained. You should consider the physical pain and mental suffering the plaintiff experienced; the nature and extent of the injury, whether the injury is temporary and permanent.

Remember, throughout your deliberations, you must not engage in speculation, guess, or conjecture, and you must not award any damages under this instruction by way of punishment or sympathy.

COURT'S INSTRUCTION NO. 12

If you find in favor of plaintiff, but you find that plaintiff's claims have no monetary value, then you must return a verdict for plaintiff in the nominal amount of $1.00.

## COURT'S INSTRUCTION NO. 13

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of plaintiff, and if it has been proved that defendant's conduct was malicious or recklessly indifferent to plaintiff's rights, then you may, but are not required to, award plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and deterring the defendant and others from engaging in similar misconduct in the future. You should presume that plaintiff has been made whole for his injuries by the damages awarded under Instruction No. 11.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible defendant's conduct was. In this regard, you may consider whether the harm suffered by plaintiff was physical, whether there was violence, deceit, intentional malice, or reckless disregard for human health or safety.

2. How much harm the defendant's wrongful conduct caused plaintiff.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering defendant's financial condition, to punish defendant for his wrongful conduct toward the plaintiff, and to deter defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to plaintiff. You may assess punitive damages against defendant or you may refuse to assess punitive damages.

## COURT'S INSTRUCTION NO. 14

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges—judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are

deliberating, do not tell anyone—including me— how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.